Anderson, J.
This is a bill in chancery, in the name of Eucy E. Hawley, who sues by her husband and next friend, Charles M. Hawley, against Eliza W. Flint, *Travis J. Twyman and others, to enjoin the execution of a judgment in ejectment, which was rendered in favor of the said Twyman, trustee for said Eliza Flint, for a tract of land in the county of Culpeper, to which the plaintiff claims she is equitably entitled; and for a conveyance of the legal title by the said Twyman, trustee _ of the said Eliza W. Flint, in whom it vests, to her trustee, whom she wishes the court to appoint for her in the plaee of Fayette Mauzy, now deceased, in trust for the- sole and separate use of her the said plaintiff and her heirs, free from the claim and control of her husband, &c. In support of her equity, she exhibits an instrument purporting to be a deed from Thomas O. Flint and Eliza W. Flint, his wife, conveying the said tract of land to said Fayette Mauzy in trust for the purposes declared in said deed. Said deed purports to have been signed and sealed by said Thomas O. Flint and Eliza W. Flint, and appears to have been acknowledged by the former, but not by the latter. In fact, the bill states that it was not acknowledged by the said Eliza in the manner provided for the privy acknowledgment of a married woman.
The defendant, Travis J. Twyman, trustee for Eliza W. Flint, demurred generally to the bill, and also answered.
The court is of opinion that, upon the authority of McChesney & als. v. Brown’s heirs, 25 Gratt. 393, the bill does not upon its face make a case in which the plaintiff would be entitled to any relief. In that case, Judge Moncure, speaking for the whole court, says; “In regard to personal estate, and the rents and profits of separate real estate, this power of disposition, if it be unrestrained, may be exercised in the same way by deed, will, or otherwise, as if the owner were a feme sole. But in regard . to the corpus of separate real estate, it can be disposed of on!/ in such mode, if any, as may be prescribed by the instrument creating the estate; or, unless prohibited by such instrument, in the mode prescribed by law for the alienation of real estate by married women.” There is no allegation in the bill that any mode was prescribed by which the separate estate of Eliza W. Flint in the land claimed by the plaintiff, by the instrument creating said estate might be disposed of; and it appearing from the face of the bill that the deed of conveyance upon which she rests her claim was not acknowledged by the said Eliza W. Flint, who at the time of the execution of said deed was a married woman, in the mode prescribed, upon privy examination, the demurrer to the bill was well taken, and ought to have been sustained by the court, and the plaintiff’s bill dismissed, unless she could have amended the same by leave of the court, upon matters introduced into the cause by Twyman in his answer, *588 so as to have, made out a case upon the new matter, which would have entitled her to the relief she sought.
The new matter brought into the cause by Twyman, in his answer, purported to be a contract between Twyman, trustee for E. W. Flint, by Thomas O. Flint and C. M. Hawley, for the sale and purchase of the land in question. In the case above cited, it was further held by this court that a feme covert has no power to convey real estate in which she has a separate estate, “nor to contract in regard to it,” except in strict pursuance of the powers conferred by the deed which vests in her the separate estate, or by the powers conferred by law in regard to the conveyance of real estate by a feme covert, and therefore that all her acts, and all instruments signed by her in reference to a transfer of her property, not in the mode prescribed - try the • instrument -under which she holds the estate, or in the mode prescribed by law for the transfer of married women’s estates, are utterly null and void. And again, if she has no *power to convey the property otherwise than as aforesaid, she has “no power to mature a contract for such a conveyance which a court of equity could enforce.” Upon this authority, it could not have availed the plaintiff to have amended her bill, to set up the contract exhibited by the defendant with his answer, and to have prayed a specific performance of the same by Eliza Flint, who was a married woman at the time said contract was made. It being void as to her during the coverture, because it was not acknowledged by Her in the mode prescribed by law, it could not be binding on her after the relation of coverture had ceased by the’ death of her husband. The court is of opinion, therefore, that there was no error in the decree of the circuit court dissolving the injunction. Decree affirmed with costs.
The other judges, concurred in the opinion of Anderson, J.
Decree affirmed.